FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA 00 FEB -9 AM 9:33
SOUTHERN DIVISION

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| WILLIE JOE GRANT, | ) |
| Petitioner, | ) |
| v. | ) CIVIL ACTION NO. 98-PWG-2954-S |
| WARDEN BILLY MITCHEM, and the<br>ATTORNEY GENERAL FOR THE<br>STATE OF ALABAMA, | ) |
| Respondents. | ) |

ENTERED

FEB - 9 2000

---

| | |
|---|---|
| WILLIE JOE GRANT, | ) |
| Petitioner, | ) |
| v. | ) CIVIL ACTION NO. 99-PWG-0591-S |
| WARDEN BILLY MITCHEM, and the<br>ATTORNEY GENERAL FOR THE<br>STATE OF ALABAMA, | ) |
| Respondents. | ) |

## MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION

Willie Joe Grant, hereinafter referred to as the petitioner, filed the above-referenced petitions for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Because petitioner challenges the same conviction in both petitions the actions are hereby CONSOLIDATED.

On November 29, 1994 petitioner was convicted in the Circuit Court of Tuscaloosa County of robbery in the first degree and was sentenced as a habitual offender to life without parole. Petitioner appealed from his conviction and the Alabama Court of Criminal Appeals affirmed

petitioner's conviction and sentence. The certificate of judgment was entered on July 25, 1995. (Respondents' Exhibits A and K).[1]

Petitioner filed a state Rule 32 petition on October 5, 1995. (Respondents' Exhibit B, pp.2-16). The petition was denied on April 19, 1996. (Respondents' Exhibit B, pp.41-43). The Alabama Court of Criminal Appeals affirmed the denial of the Rule 32 petition on December 20, 1996. (Respondents' Exhibit E). Petitioner's application for rehearing was denied on February 28, 1997 (Respondents' Exhibit F) and on July 25, 1997 the Alabama Supreme Court denied his petition for writ of certiorari. (Respondents' Exhibit F). On May 9, 1997 petitioner filed a second Rule 32 petition which was summarily denied as a successive petition on May 30, 1997. (Respondents' Exhibit G). Petitioner did not appeal from the denial of his second Rule 32 petition. On December 1, 1997 petitioner filed his third Rule 32 petition which was denied on December 2, 1997. (Respondents' Exhibit H, pp.2,3). On April 3, 1998 the Alabama Court of Criminal Appeals affirmed the denial of the Rule 32 petition for the reasons expressed by the Rule 32 court and further held that the petition was barred by the two year statute of limitations of Rule 32.2(c), *Alabama Rules of Criminal Procedure*. (Respondents' Exhibit K).

On November 25, 1998,[2] petitioner filed CV 98-PWG-2954-S alleging that the trial court deprived him both of his right to counsel and his right to represent himself by the trial court's appointment of "standby counsel" who actually tried the case. Petitioner also alleged that appellate counsel was ineffective for failing to raise the above issue. On March 12, 1999,[3] petitioner filed CV

---

[1] The exhibits in the two federal habeas petitions are labeled identically as Exhibits A through K.

[2] The petition was dated November 24, 1998.

[3] The petition was dated March 8, 1999.

2

99-PWG-0591-S raising only one claim: that the court was without jurisdiction to render the judgment or to impose the sentence because the indictment for robbery in the first degree failed to contain the statutorily required elements.

In each of the above cases, the Court entered Orders to Show Cause requiring respondents to appear and show cause why the relief requested by petitioner should not be granted. In response thereto respondents filed an Answers and exhibits. The Court entered Orders advising petitioner that respondents' Answers would be considered as a motions for summary judgment. The Order further allowed petitioner an opportunity to file affidavits or other material in opposition to the motions and advising him of the consequences of default.

Respondents argue that these petitions are barred by the one year statute of limitations. Title 28 U.S.C. § 2244(d)(1)(A) provides that "[a] 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court." For prisoners whose convictions became final prior to the April 24, 1996 effective date of the Anti-Terrorism and Effective Death Penalty Act (herein "AEDPA), the limitation period began to run on April 24, 1996. *Wilcox v. Florida Department of Corrections*, 158 F.3d 1209, 1211 (11th Cir. 1998).

Petitioner's conviction became final prior to the April 24, 1996 effective date of the AEDPA; therefore he had until April 23, 1997 in which to file a federal habeas petition. *Wilcox*, 158 F.3d at 1211.

Title 28 U.S.C. § 2244(d)(2) provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending

3

> shall not be counted toward any period of limitation under this subsection.

The first Rule 32 petition[4] filed in state court on October 5, 1995, prior to the enactment of the AEDPA, tolled the running of the federal limitation period until the petition for writ of certiorari was denied on July 25, 1997. The second Rule 32 petition was filed while his appeal was pending from the denial of his first Rule 32 petition. This second petition did not toll the running of the limitation period because it was summarily denied as successive and not appealed. Further, it could not toll the limitation period because it was denied prior to the denial of the petition for certiorari with respect to the first Rule 32 petition. The third Rule 32 petition,[5] which was filed on December 1, 1997 and denied on December 26, 1997, was affirmed on appeal based on the two year statute of limitation set forth in Rule 32.2(c), *Alabama Rules of Criminal Procedure*. The Alabama appellate court's holding that the petition was barred by the statute of limitations is due deference by this court. *Webster v. Moore*, ___ F.3d ___, 2000 W.L. 3723 (11th Cir. 2000). Because the third Rule 32 petition was untimely, it was not "properly filed" within the meaning of § 2244(d)(2). *Webster, supra*. Petitioner's federal statute of limitation period was therefore tolled only until July 25, 1997 when the petition for writ of certiorari was denied with respect to his first Rule 32 petition, and petitioner had until July 24, 1998 in which to file a federal habeas petition. Civil Action No. 98-PWG-2954-S was filed on November 25, 1998, four months after the ruling of his limitation period. Civil Action No. 99-PWG-0591-S was filed on March 12, 1999, more than seven months after the ruling of the

---

[4] The first Rule 32 petition raised the claims raised in CV98-PWG-2954-S.

[5] The third Rule 32 petition raised the claim raised in CV 99-PWG-0591-S.

limitation period. Both of petitioner's federal habeas petitions are barred by the one year federal period of limitation.

Based on the foregoing the magistrate judge RECOMMENDS that the petitions for writ of habeas corpus be DISMISSED with prejudice.

Petitioner may file specific written objections to this report and recommendation within fifteen (15) days from the date it is filed in the office of the clerk. Failure to file written objections to the proposed findings and recommendations contained in this findings and recommendation within fifteen (15) days from the date it is filed shall bar an aggrieved party from attacking the factual findings on appeal. Written objections shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection. <u>IT IS NOT NECESSARY FOR PETITIONER TO REPEAT HIS LEGAL ARGUMENTS. AS TO THE FACTS, IF PETITIONER DOES RESPOND, HE SHOULD LIMIT HIMSELF TO ADDRESSING THE STATEMENTS OF FACT CONTAINED IN THE REPORT AND RECOMMENDATION TO WHICH HE OBJECTS; THE FILING OF OBJECTIONS IS NOT A PROPER VEHICLE TO MAKE NEW ALLEGATIONS OR PRESENT ADDITIONAL EVIDENCE.</u> A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge shall make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge. The district judge, however, need conduct a hearing only in his discretion or if required by law, and may consider the record developed before the magistrate judge, making his own determination on the basis of that

record. The district judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Objections not meeting the specificity requirement set out above will not be considered by a district judge.

A party may not appeal a magistrate judge's recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a district judge.

As to the foregoing it is SO ORDERED this the 8th day of February, 2000.

_____
PAUL W. GREENE
UNITED STATES MAGISTRATE JUDGE